**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 26-23105-JCM |
| Papa ZHS LLC, *et al.*,[1] | ) **Chapter** 11 (Subchapter V) |
| | ) ***Joint Administration*** |
| **Debtors.** | ) |
| Papa ZHS LLC, *et al.*, | ) |
| **Movant,** | ) |
| **vs.** | ) |
| No Respondent(s). | ) **Document No.** |

**EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE PAYMENT OF PRE-PETITION WAGES AND EMPLOYMENT TAXES**

**AND NOW** come the above-captioned debtors and debtors-in-possession, Papa ZHS LLC, ZHS Pittsburgh LLC, ZHS Cranberry LLC, ZHS McKeesport LLC, and Papa ZHS Cleveland LLC (collectively, the "Debtors"), by and through their proposed counsel, Calaiaro Valencik, and hereby move this Court (the "Motion"), for entry of an Order authorizing the payment of pre-petition wages and employment taxes on an emergency basis, and in support thereof aver as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).
3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number are: Papa ZHS LLC (7989); ZHS Pittsburgh LLC (1197); ZHS Cranberry LLC (1282); ZHS McKeesport LLC (2215); and Papa ZHS Cleveland LLC (6477). The lead Debtor's corporate address is 117 Kelly Ridge Road, New Kensington, PA 15068.

## FACTUAL BACKGROUND

4. The Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Pennsylvania on November 9, 2026 (the "Petition Date").

5. The Debtors each elected to proceed under subchapter V of the Bankruptcy Code. See 11 U.S.C. § 1181 *et seq*.

6. The Debtors each continue to manage their business and possess the property of the estate as Debtor-in-Possession pursuant to Section 1184 of the Bankruptcy Code.

7. The Debtors are currently debtors-in-possession within the meaning of Section 1184 of the Bankruptcy Code and have authority to bring forth this Motion.

8. Subchapter V Trustee is pending appointment in each case. Notwithstanding such appointment, no other trustee, examiner, or official committee has been appointed in these cases.

9. The Debtors are affiliated entities that each own and operate Papa Johns franchises in Western Pennsylvania and Ohio:

| Debtor | Number of Locations |
|---|---|
| Papa ZHS LLC | 7 |
| ZHS Pittsburgh LLC | 2 |
| ZHS Cranberry LLC | 1 |
| ZHS McKeesport LLC | 1 |
| Papa ZHS Cleveland LLC | 4 |

Papa ZHS LLC, ZHS Pittsburgh LLC, ZHS Cranberry LLC, and ZHS McKeesport LLC operate in Pennsylvania. Papa ZHS Cleveland LLC operates in Ohio.

10. The Debtors maintain employees to conduct its normal business operations. The employees are paid on a bi-weekly basis.

11. The Debtors' employees perform a variety of critical functions related to the businesses. The employees have working knowledge and understanding of the Debtor's business needs and obligations, which are essential to the continued operation of the Debtors' business in this chapter 11 case.

**RELIEF REQUESTED**

12. By this Motion, the Debtors respectfully request that this Court enter an order authorizing the Debtors to pay or otherwise honor its payroll obligations to its employees for the wages earned pre-petition, but not paid. The Debtors further requests that this Court authorize the remittance and payment of any payroll taxes due and owing as a result of these pre-petition wages.

13. In the ordinary course of the Debtors' business operations, payroll is run on a per-store basis. Generally, 7 of the 15 stores run payroll one week and the remaining 8 stores run payroll the following week. In other words, the Debtors have payroll obligations weekly

14. There are two payroll periods in which the Debtors' employees are owed prepetition wages – the payroll to be paid on Friday, November 13, 2026, and the payroll to be paid on Friday, November 20, 2026. Generally, these pay periods would cover any wages incurred from in or around October 25, 2026 through the Petition Date or may include a mixture of pre- and post-petition periods.

15. On average, the Debtors' payroll obligations range from approximately $5,000 to $13,000 in total expenses (covering both wages, taxes, any deductions, and

employer liability), depending on the store and hours worked by the employees during a given pay period.

16. As of the Petition Date, the Debtors' employees are owed the pre-petition portion of the wages earned during the current pay period. To the extent any insider of the Debtors is included in this payroll, such individual receives a regular salary in the ordinary course of business; the Debtors will identify any insider included in the payroll, and the ordinary-course compensation paid to such insider, in a supplemental filing.

17. Under Section 507(a)(4)(A) of the Bankruptcy Code, claims of employees against the debtor for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" that are "earned within 180 days before" the date on which the debtor's chapter 11 case is commenced are afforded priority unsecured status up to $17,150 per individual.

18. No employee's pre-petition wage claim in this payroll approaches, or will exceed, the $17,150 cap provided for by Section 507(a)(4)(A). Even accounting for variation among the hourly employees, it is not expected that any one employee's pre-petition wage claim would exceed that cap.

19. Furthermore, in the ordinary course of its business, the Debtors are responsible for the payment of payroll taxes on employee wages.

20. Section 507(a)(8) of the Bankruptcy Code grants priority unsecured status to pre-petition claims of governmental units, including taxes to be collected or withheld for which the Debtors are responsible for payment. 11 U.S.C. § 507(a)(8).

21. Accordingly, the payment of the pre-petition wages and any payroll taxes will reduce the priority claims against the bankruptcy estate.

22. To the extent that these pre-petition claims for wages and payroll taxes are afforded priority by the Bankruptcy Code, other creditors of the bankruptcy estate will not be prejudiced, because the payment of these claims will reduce the priority claims against the bankruptcy estate.

23. To the extent that the payment of these pre-petition wage claims requires the use of cash collateral, the Debtors will address the continued use of cash collateral and adequate protection for any creditor with a valid secured claim against cash collateral in a separately filed motion.

24. Using the Debtors' business judgment, including considering the best interests of the bankruptcy estate and its creditors, and in order to preserve its workforce, it is in the best interests of the Debtors, their estate, and their creditors to permit the payment of the pre-petition wages and any payroll taxes.

**REQUEST FOR EMERGENCY RELIEF**

25. The Debtors are requesting that this Court consider this matter on an emergency basis so that this matter can be adjudicated without any interruption of the Debtors' regular business operations.

26. If this matter is not heard on an emergency basis, the Debtors' will be irreparably harmed. The Debtors will risk losing employees and be forced to cease all business operations.

27. The need for the emergency or expedited relief is not caused by lack of diligence on the part of the Debtors or their attorneys.

**WHEREFORE,** the Debtors request that this Honorable Court enter an order approving and authorizing the Debtors' request to pay the pre-petition payroll and pay the payroll taxes for the payroll covering the prepetition pay periods.

**Respectfully submitted,**

**Dated:** November 11, 2026

**CALAIARO VALENCIK**

**BY:** /s/ David Z. Valencik

**David Z. Valencik, Esq.** **PA I.D. No. 308361**
**Andrew K. Pratt, Esq.** **PA I.D. No. 328784**

**555 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Phone:** **(412) 232-0930**
**Fax:** **(412) 232-3858**
**Email:** **dvalencik@c-vlaw.com**
**apratt@c-vlaw.com**